IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 5:16-cr-0001 |
| v. | ) |
| | ) |
| LAMARCUS THOMAS, | ) By:  Michael F. Urbanski |
| | ) Chief United States District Judge |
| Petitioner | ) |

## MEMORANDUM OPINION

LaMarcus Thomas, a federal inmate currently serving a 360-month sentence for child pornography offenses, has filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 109. On November 20, 2020, the United States moved to dismiss Thomas' petition and Thomas has filed a reply. ECF Nos. 111, 115, 116. For the reasons set forth below, the court **GRANTS** the government's motion to dismiss and **DENIES** Thomas' motion for § 2255 relief.

I.

On January 13, 2016, Thomas was indicted on six counts of sexual exploitation of children involving two children identified as Minor 1 and Minor 2. On January 11, 2017, Thomas entered into a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, where he pled guilty to Counts 2 and 6 of the indictment. Count 2 charged Thomas with using a minor to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, knowing or having reason to know that such visual depiction would be transported in or affecting interstate or foreign commerce, or which visual depiction was produced using materials that had been mailed, shipped, or transported

in or affecting interstate or foreign commerce by any means, including by computer, in violation of 18 U.SC. §§ 2251(a) and 2251(e). Plea Agreement, ECF No. 54 at 1.

Count 6 charged Thomas with using a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using material that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, in violation of 18 U.S.C. §§ 2251(a) and 2251(e). Both counts carried statutory sentences of 15 to 30 years and United States Sentencing Guidelines sentences of life. Id. at 2.

The plea agreement provided that Thomas would be sentenced to a term of between 180 and 510 months. Thomas also agreed to a lifetime period of supervised release. Id. at 3. Thomas agreed to waive his right to appeal, except for appealing the denial of a suppression motion by the district court, and any other issue that could not be waived by law. He also waived his right to collaterally attack his sentence, except for issues of ineffective assistance of counsel. Id. at 8-9.

Thomas entered a guilty plea on January 20, 2017. ECF Nos. 56, 58, 59. On August 9, 2017, he was sentenced to 360 months each on Counts 2 and 6, to run concurrently, to be followed by a lifetime period of supervised release. ECF No. 91.

Represented by counsel, Thomas filed an appeal with the Fourth Circuit Court of Appeals, challenging the denial of the suppression motion, and the Fourth Circuit affirmed on November 8, 2018. ECF No. 95, 96. The Fourth Circuit denied rehearing en banc. ECF No. 98. Thomas sought a writ of certiorari from the United States Supreme Court, which was denied on October 8, 2019.

Proceeding pro se, Thomas filed this motion for relief pursuant to § 2255 on September 30, 2020. ECF No. 109. He argues that his attorney[1] provided ineffective assistance of counsel in the following ways: (1) she failed to recognize that his conduct may not have satisfied the elements of the charge; (2) she failed to explain to him that he could plead guilty to one count of the indictment and take the other count to trial; and (3) she failed to argue his appellate case and "conceded." Thomas also argues that the Fourth Circuit erred in its decision regarding the suppression motion.

The government responds that the evidence of images and videos in his case meet the elements of the child pornography statute. The government also argues that Thomas' attorney provided effective assistance both when she advised him to plead guilty and also when she represented him on appeal. The government further argues that Thomas is estopped from raising his arguments about the suppression motion because the Fourth Circuit has ruled on it.

## II.

### A. 28 U.S.C. § 2255

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28

---

[1] At all times during these proceedings, Thomas was represented by the Federal Public Defender's Office. Initially he was represented by Assistant Public Defender Lisa Lorish and later by Assistant Public Defender Kevin Wilson. ECF Nos. 13, 21. After the motion to suppress was filed, but before Thomas entered into the plea agreement, Assistant Federal Public Defender Andrea Harris appeared on his behalf. ECF No. 40. Harris negotiated the plea agreement and argued the suppression issue to the Fourth Circuit Court of Appeals.

U.S.C. § 2255(a). A petitioner collaterally attacking his conviction or sentence via a § 2255 petition bears the burden of showing by a preponderance of evidence that he is entitled to relief. White v. United States, 352 F.Supp.2d 684, 687 (E.D. Va. 2004) (citing Miller v. United States, 261 F.2d 546 (4th Cir. 1958), and Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967)).

### B. Ineffective Assistance of Counsel

Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish that counsel's assistance was not reasonably effective, a defendant must satisfy a two-prong analysis: he must show both that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. Strickland, 466 U.S. at 669.

When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Gray v. Branker, 529 F.3d 220, 228–29 (4th Cir. 2008). "The performance of counsel is measured in terms of 'reasonableness under prevailing professional norms.'" Gray, 529 F.3d at 228 (quoting Strickland, 466 U.S. at 688). The court must judge counsel "on the facts of the particular case," and assess counsel's performance "from counsel's perspective at the time." Strickland, 466 U.S. at 689.

To satisfy the prejudice prong of Strickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. When a petitioner argues that he received ineffective assistance of counsel as part of a plea agreement, he must show that "there

is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### 1. Elements of the Offense

Thomas argues that his attorney was ineffective because she convinced him to plead guilty to a charge that the government's evidence did not fully support. Thomas pled guilty to two counts of Sexual Exploitation of a Minor in violation of 18 U.S.C. § 2251(a). The statute provides in relevant part the following:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

18 U.S.C.A. § 2251(a).[2] "Sexually explicit conduct" is defined as actual or simulated sexual intercourse, bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the anus, genitals, or pubic area of any person. 18 U.S.C. § 2256(2)(A).

In Thomas' case, the offenses involved two minors who appeared to sleep through the incidents. Images of Thomas and the children were found on Thomas' cell phone. Presentence

---

[2] In his response to government's motion to dismiss, Thomas argues that his attorney was ineffective for not having argued that "no one knows if his phone was or 'wasn't' manufactured in Virginia." ECF No. 116 at 2. However, Thomas, who has the burden of proof in establishing ineffective assistance of counsel, Miller, 261 F.2d at 547, provides no evidence that the phone was manufactured in Virginia.

5

Investigation Report, ECF No. 85, ¶ 4. Count 2 involved a child identified as Minor 1. The images that supported the conviction included images of Thomas' hand and fingers near or touching Minor 1's penis and Thomas' erect penis touching or nearly touching Minor 1's lips. Id., ¶ 5. The images that supported Count 6 showed Thomas masturbating near or over the exposed abdomen of Minor 2. Id., ¶ 7. Thomas argues that under the definition of "child pornography," the conduct in which he engaged in Count 6 does not suffice to support his conviction on that count. He asserts that the child was asleep and the statute requires that the child be "engaged" in sexually explicit conduct.[3]

Most courts looking at § 2251(a), have determined that a person can be convicted under the statute even if the minor is asleep in the images. In United States v. Lohse, 797 F.3d 515 (7th Cir. 2015), the court rejected the argument that the statute required either active participation by the minor or active sexual conduct to an unconscious minor by an adult defendant. Id. at 521. There, the defendant took images of himself, naked, standing over an asleep, clothed child with his penis near the child's cheek and mouth as he held her hair with his hand. In another image he straddled the child and used his hand to place his penis near her eye. Id. The court found that the setting of the images was sexually suggestive and that the images were intended to elicit a sexual response in the viewer. Id. at 522 (citing United States v. Dost, 636 F.Supp. 828, 832 (S.D. Cal. 1986)). The defendant argued that the government

---

[3] It is important to note that Thomas was not convicted under either 18 U.S.C. § 2252 or § 2252A, which address the distribution and receipt of child pornography. Rather, he was convicted of sexual exploitation of children under § 2251(a), which addresses the production of child pornography. This is significant because Thomas cites the definition of "child pornography," which includes language such as "any visual depiction . . . where the production of such visual production involves the use of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8). The term "child pornography" is not mentioned in § 2251(a) and Thomas' reliance on the definition in his argument is misplaced. The court has not considered the definition of "child pornography" but has focused on the language of § 2251(a).

6

did not prove that the child was used to engage in sexually explicit conduct under § 2251 because the statute required either active participation by the minor or active sexual conduct to an unconscious minor by an adult defendant. The court rejected the defendant's characterization of the images as a "simple display of adult genitals around a sleeping minor." Lohse, 797 F.3d 515, 521. The appellate court agreed with the district court that a jury might find that the child's role was that of an inanimate body for Lohse to act upon in exhibiting his genitals and that a reasonable jury could conclude that Lohse literally used the child as a sexual object in orchestrating the images. Id. See also United States v. Fadl, 498 F.3d 862, 866 (8th Cir. 2007) (quoting United States v. Siriois, 87 F.3d 34, 41 (2d Cir. 1996)) ("The 'use' component 'is fully satisfied for the purposes of the child pornography statute if a child is photographed in order to create pornography.")

Similarly, the Third Circuit Court of Appeals in United States v. Finley, 726 F.3d 483 (3rd Cir. 2013), found that § 2251(a) pertains to a person who "employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct" and that Congress' utilization of the verbs, and especially the verb, "use," indicates that active involvement by the minor is not essential for a conviction under the statute. Id. at 495. "Congress's utilization of these verbs, especially 'uses,' indicates that active involvement on the part of a minor is not essential for a conviction under § 2251(a). For example, a perpetrator can 'use' a minor to engage in sexually explicit conduct without the minor's conscious or active participation." Id., 726 F.3d at 495. The court added, "It would be absurd to suppose that Congress intended the statute to protect children actively involved in sexually explicit conduct, but not protect children who are passively involved in sexually explicit conduct while sleeping,

sleeping, when they are considerably more vulnerable." Id. See also United States v. Levy, 594 F.Supp.2d 427, 443 (S.D.N.Y. 2009) ("As a matter both of common sense and public policy, the statute must be construed to protect all children, including those who are unaware of what they are doing or what they are being subjected to, whether because they are sleeping or under the influence of drugs or alcohol or simply because of their age.")

In United States v. Theis, 853 F.3d 1178 (10th Cir. 2017), the defendant secretly videotaped a minor as she showered and used the toilet and transferred the recordings to his computer to create still images of her genital and pubic area. He argued to the court that § 2251(a) required a causal, interactive relationship between the defendant and the minor and that his conduct, which he characterized as mere voyeurism, was insufficient to establish a violation of the statute. Id. at 1181. The court found that the word, "use," means, among other things, to "avail oneself of" or "carry out a purpose or action by means of" and that "use" in the statute "reach[ed] a defendant's active involvement in producing the depiction even if the interpersonal dynamics between the defendant and the depicted minor are unknown." Id. (citing Webster's New Collegiate Dictionary. 1288 (1976) and Ortiz-Graulau v. United States, 756 F.3d 12, 19 (1st Cir. 2014)).

Conversely, the Seventh Circuit Court of Appeals held that a defendant did not engage in production of child pornography when he made visual depictions of himself masturbating next to a fully clothed and sleeping child. United States v. Howard, 968 F.3d 717 (7th Cir. 2020). The government argued that it did not matter whether the minor victim engaged in any sexually explicit conduct as long as the offender somehow "uses" a child as an object of sexual interest. Id. at 721. The court found the government's interpretation "strained and

8

implausible." The court looked at the other verbs in the statute: employs, persuades, induces, entices, and coerces, and found that when "uses" is read in context with the other verbs, it had a more limited meaning than the government proposed. Id. at 722. "Five of the six verbs on this statutory list require some action by the offender to cause the minor's direct engagement in sexually explicit conduct. The sixth should not be read to have a jarringly different meaning." Id. The court found that § 2251(a) required the government to prove that the offender took one of the listed actions to cause the minor to engage in sexually explicit conduct for the purpose of creating a visual image of the conduct. Id. at 721.

Thomas argues that his attorney was ineffective for advising him to plead guilty rather than making the argument to the district court that he was innocent of the charges, based on Howard. The court disagrees.

First, Howard is not controlling precedent in the Fourth Circuit. "The decisions of a Circuit Court of Appeals are ordinarily persuasive, though not binding authority outside the circuit where rendered; and where, as here, these opinions are in conflict it would seem that this court is not only permitted but required to give the question its independent consideration." United States v. St. Clair, 62 F. Supp. 795, 797 (W.D. Va. 1945). Second, this court respectfully disagrees with the opinion in Howard and finds opinions of the Third, Eighth, and Tenth Circuits more persuasive.

Giving the language of the statute its plain meaning, United States v. Abdelshafi, 592 F.3d 602, 607 (4th Cir. 2010), Congress intended to prohibit people from using minors to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct. See also Congressional Findings Related to Obscenity and Child Pornography,

9

Pub.L. 108-21, Title V, § 501, Apr. 30, 2003, 177 Stat. 676(2) (quoting New York v. Ferber, 458 U.S. 747, 757 (1982)) ("The Government has a compelling state interest in protecting children from those who sexually exploit them, including both child molesters and child pornographers. 'The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance.'"); Findings, Pub.L.110-358 § 102, Oct. 8, 2008, 122 Stat. 4001(3) ("Child pornography is a permanent record of a child's abuse and the distribution of child pornography images revictimizes the child each time the image is viewed."); Ortiz-Graulau v. United States, 756 F.3d 12, 19 (1st Cir. 2014) (quoting United States v. Poulin, 631 F.3d 17, 23 (1st Cir. 2011) ("In enacting 18 U.S.C. § 2251, 'Congress intended a broad ban on the production of child pornography and aimed to prohibit the varied means by which an individual might actively create it.'")

It would be odd and inconsistent with the intent of the statute to allow sleeping children to be exploited for purposes of producing child pornography. Indeed, it is well accepted that exposing the genitalia of a sleeping child violates the statute. See, e.g., United States v. Thomas, 92 F. App'x 960 (4th Cir. 2004) (per curiam). This is because "sexually explicit conduct" includes lascivious exhibition of the anus, genitals, or pubic area of any person. 18 U.S.C. § 2256(2)(A). Just as it is immaterial whether a child is asleep when his or her genitalia is exposed by a defendant for the purpose of creating an image, it is similarly immaterial that a child is asleep when included in an image of lascivious exhibition of a defendant's genitalia or, as the case here, of his masturbating. The statute is violated when a defendant includes a vulnerable child in his images of sexually explicit conduct, because it is the vulnerability of the child, whether awake or asleep, that makes the practice exploitative.

10

Moreover, even if Howard were controlling precedent in this court, it was not decided until more than three years after Thomas pled guilty. Counsel cannot be held responsible for forecasting future interpretations of a statute. United States v. Wright, 387 F. App'x 329, 330 (4th Cir. 2010); see also Moss v. Ballard, 537 F. App'x 191, 195 (4th Cir. 2013) ("It is well-established that an attorney cannot be labeled ineffective for failing to anticipate a future change in the law.") Additionally, even if Howard had been decided at the time Thomas pled guilty, it would have been non-binding in the Fourth Circuit and counsel is not ineffective for failing to cite non-binding precedent. United States v. Mellor, No. 7:10-cv-80225, 2010 WL 3585892 at *10 (W.D. Va. Sept. 9, 2010). Based on the foregoing, the court finds that Thomas' counsel was not ineffective for failing to argue that the facts of Count 6 did not satisfy the elements of § 2251.

### 2. Explanation of Terms of the Plea

Thomas also argues that his attorney did not explain to him that he could have pled guilty to one of the counts and gone to trial on the second count. However, Thomas does not accurately present the choice he faced. If Thomas had not entered the plea agreement, he faced being tried on six counts of sexual exploitation of a child, not two counts. His choice was not between pleading guilty to two counts or pleading to one count and being tried on the other count. Rather his choice was between pleading guilty to two counts or being tried on six counts. Had he decided to go to trial on one of the counts, there is no reason to believe that the government would have agreed to dismiss the remaining five counts.

This information appears on the face of the plea agreement. Thomas acknowledged that he was agreeing to plead guilty to Counts 2 and 6 and he also acknowledged that he had

the right to plead not guilty and persist in that plea. Plea Agreement, ECF No. 54 at 1-2. He further acknowledged that if he complied with his obligations under the plea agreement, the government would dismiss the remaining counts. Id. at 3.

Thomas' guilty plea was heard by a United States Magistrate Judge who filed a Report and Recommendation (R&R), recommending that his plea be accepted. ECF No. 61. In the R&R, the magistrate judge stated that Thomas said he understood the court's admonishments about the plea agreement and "further stated that he had read the plea agreement, had reviewed it with his counsel, and understood it." Id. at 2. "A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)) (internal punctuation omitted). Absent extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established. United States v. Rambert-Hairston, 824 F. App'x 179, 180 (4th Cir. 2020) (per curiam).

Extraordinary circumstances do not exist in this case. In his response to the government's motion to dismiss his § 2255 motion, Thomas said that at the beginning of his prosecution, he turned down four plea agreements because he did not feel like the evidence in his case "added up." ECF No. 115 at 3. He said that at some point he was appointed new counsel, but he continued to voice his concern about the charges. Id. He added, "That concern was handled as if there were no option, and in the end I'm given a plea, a last plea, with a deadline; it had to be signed by the end of that day." Id.

According to the record, Thomas' attorney filed a motion to suppress the evidence of the images on his cell phone and the court denied it on December 15, 2016. ECF Nos. 28, 46, 47. His attorney filed a motion to reconsider the denial on January 9, 2017. ECF No. 50. On January 12, 2019, his counsel moved to withdraw the motion to reconsider because Thomas had reached a plea agreement with the government and intended to plead guilty to two counts of the indictment pending against him. In the plea agreement he reserved the right to appeal the court's ruling on the suppression motion. Id. at 1. Thus, the record shows that Thomas pled guilty after the motion to suppress was denied and the court found that the images on his cell phone were admissible. In return, his counsel negotiated the dismissal of four counts and the right to appeal the denial of the motion to suppress. While Thomas argues about there having been "other options," the only option he points to is that he should have gone forward on Count 6 and have his attorney argue in accordance with the Howard case. As discussed above, his attorney was not ineffective for failing to pursue that strategy.

Looking at the proceedings as a whole, by pleading guilty to two counts and having four counts dismissed, Thomas greatly reduced his sentencing exposure while retaining his right to appeal the ruling on the motion to suppress. The court finds that Thomas' counsel adequately explained the plea agreement to him and that he entered the plea willingly and knowingly. Thomas has failed to demonstrate that his attorney provided ineffective assistance of counsel either when she negotiated the plea or in the manner in which she explained it to him.

### C. Motion to Suppress

Before pleading guilty, Thomas filed a motion to suppress evidence taken from his cell phone, arguing that the affidavit used to secure the search warrant and the warrant itself were lacking in indicia of probable cause. He also argued that statements he made to agents regarding the images recovered from the phone were "fruits" of the illegal search and subject to suppression under the exclusionary rule. After briefing and a hearing, the district court denied the motion. ECF No. 46, 47. The court agreed that the affidavit submitted in support of the motion was deficient in two respects, but nevertheless concluded that the good faith exception to the exclusionary rule articulated in United States v. Leon, 468 U.S. 897 (1984), applied in Thomas' case.

After entering his guilty plea and being sentenced, Thomas, represented by his appointed counsel, appealed the suppression issue. On November 8, 2018, the Fourth Circuit affirmed the conviction in United States v. Thomas, 908 F.3d 68 (4th Cir. 2018). The appellate court agreed that the evidence obtained from Thomas' phone was admissible under Leon. Id. at 70. Thomas sought a writ of certiorari from the United States Supreme Court, which was denied.

In his § 2255 motion, Thomas asserts that rather than argue is case, his attorney "conceded." He then goes on to assert that the Fourth Circuit "refuses to see that their broad expansion of the Leon principle neglects to address, and ignores the major flaws in the affidavit." ECF No. 109 at 5, 15-16. To the extent Thomas is arguing that his attorney was ineffective on appeal, he has failed to describe her actions that fell short of competent representation. He claims she "conceded," but the opinion issued by the Fourth Circuit

14

indicates that she argued that the affidavit submitted by the officer in support of the search warrant was so lacking in indicia of probable cause that the officer could not reasonably have relied on it in searching Thomas' phone. Id. at 72. Nevertheless, the appellate court found that the court could look beyond the four corners of the affidavit in applying Leon, and consider the facts known to the officer but omitted from the affidavit presented to the magistrate judge in assessing the officer's good faith. Id. at 73 (citing Leon and United States v. McKenzie-Gude, 671 F.3d 452, 460 (4th Cir. 2011)). The court did note that Thomas' attorney "conceded" some uncontroverted facts. Id. at 74, n.2. However, Thomas does not argue that the facts were in dispute or that his attorney should have contested the facts.

To the extent Thomas wants to relitigate the suppression issue, he cannot do so in this § 2255 motion. "Once a litigant is provided a full and fair opportunity to litigate a Fourth Amendment claim, he cannot re-litigate the claim in a motion pursuant to § 2255 unless there has been an intervening change in law." United States v. Schulte, 230 F.3d 1356, 2000 WL 1390205, at *1 (4th Cir. Sept. 26, 2000) (Table) (citing Stone v. Powell, 428 U.S. 465, 494 (1976) and Davis v. United States, 417 U.S. 333, 342 (1974)). Thomas was given a full and fair opportunity to litigate this issue and has pointed to no change in intervening law. Accordingly, he cannot relitigate this issue in his § 2255 motion.

### III.

For the reasons stated, the court **GRANTS** the government's motion to dismiss, ECF No. 111, and **DENIES** Thomas' motion under 28 U.S.C. § 2255, ECF No. 109. Because Thomas has failed to make a substantial showing of the denial of a constitutional right as

required by 28 U.S.C. § 2253(c) and <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), a certificate of appealability is **DENIED**.

An appropriate Order will be entered.

Entered: 11/23/2021

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge